**Gary Wayne POLSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–85–013–CR.**

Court of Appeals of Texas,
Austin.

April 23, 1986.
Rehearing Denied May 28, 1986.

Edgar A. Nooning, III, Georgetown, for appellant.

Ronald Earle, Dist. Atty., Carla Garcia, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Gary Wayne Polson was convicted, upon his non-negotiated plea of guilty in a bench trial, of the offense of aggravated sexual assault, Tex.Pen.Code Ann. § 22.021 (Supp. 1986). Punishment, which was enhanced by prior conviction, was assessed by the trial court at life imprisonment in the Texas Department of Corrections. We will affirm the judgment of the trial court.

In urging this Court to reverse the judgment of the trial court, Polson raises seven grounds of error. We will first examine Polson's contention in his seventh ground of error that his guilty plea was not knowingly, freely and voluntarily made. Texas Code Cr.P.Ann. art. 26.13(b) (Supp. 1986) requires that, to be valid, a guilty plea be freely and voluntarily entered. In *Helms v. State*, 484 S.W.2d 925 (Tex.Cr. App.1972), the Court of Criminal Appeals held that, where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of due process are waived. Consequently, if Polson's plea was voluntarily and understandingly made, all non-jurisdictional defects are waived.

On the morning his trial was scheduled to begin, Polson announced to the trial court that he wanted to hire another lawyer because he did not understand his defense, he did not feel ready for court, and his appointed counsel had spoken with him about "how much time [he was] going to do" even before the trial began. The court scheduled a hearing for later in the afternoon, on Polson's motion, adding that Polson was "lucky" to have this particular attorney representing him. The record reflects that by the time of the hearing Polson had reconsidered his request:

The Defendant: I'm ready to proceed on this matter, Your Honor. I want to keep the counsel that I have.

The Court: Are you satisfied with the services rendered to you by Counsel up to now?

The Defendant: Yes, sir.

The Court: You feel that he has fairly represented you?

The Defendant: Yes, sir.

The Court: You feel confident that he will continue to represent you fairly and that he is capable of representing you?

The Defendant: Yes, sir. I was just afraid.

The Court: All right. Sir?

The Defendant: I was just afraid.

The Court: All right. You are confident now that he will represent you fairly?

The Defendant: Yes, sir.

The Court: And he is qualified?

The Defendant: Yes, sir.

Despite this exchange, Polson now complains that the trial court coerced him into accepting his appointed counsel by saying he was fortunate to have this particular attorney represent him. The record discloses no other problem Polson may have had with his appointed counsel. It does disclose that the trial court gave Polson the opportunity to fully and freely state any objections he had regarding his counsel. The court's question to Polson regarding whether his counsel was qualified must be viewed in the overall context of the court's inquiry whether Polson thought his representation was adequate. In this context, Polson's present assertion that he was unqualified to render an expert opinion on counsel's qualifications is without merit. We hold that Polson's plea of guilty was knowingly and voluntarily entered. Polson's seventh ground of error is overruled.

■ Polson's third and fourth grounds of error concern the trial court's consideration and rulings on pre-trial motions to suppress. As Judge Clinton points out in his concurring opinion in *King v. State*, 687 S.W.2d 762, 767 (Tex.Cr.App.1985), because "an accused cannot waive a defect in proceedings that have not yet occurred," a non-negotiated plea of guilty, such as we have before us, will not necessarily waive such defects as the State's failure to meet its requirement that sufficient evidence be presented to show guilt or failure of a jury to be properly charged on the issue of punishment. The occurrence of defects subsequent to entry of the plea is not the situation before us, however, and we hold that because Polson knowingly and voluntarily entered a plea of guilty in this case, he clearly waived any right to complain of these pre-trial matters on appeal. *Id.* at 766. Polson's third and fourth grounds of error are overruled.

■ In his fifth and sixth grounds of error, Polson asserts that the judgment of conviction should be reversed because the trial court ordered and considered a presentence investigation. Even were we to view Polson's guilty plea only as a waiver of non-jurisdictional defects existing at the time the plea was entered, we cannot say that the complained of error is reversible.

Texas Code Cr.P.Ann. art. 37.07, § 3(d) (Supp.1986) provides that when punishment is assessed by the judge, "he *may* order an investigative report as contemplated in Section 4 of Article 42.12 of this code and after considering the report, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed." (emphasis added). The trial judge was clearly authorized under this statute to order a presentence investigation.

Although the trial court was mistaken in believing that it was required to order a presentence investigation, Polson *specifically requested* the investigation of which he now complains:

The Court: I believe under the statute and in view of the fact that the Court will assess the punishment, that the Court must ask for a presentence investigation report from the Probation Office, *but I'll hear from the defendant on that.*

[Counsel for Polson]: *We would like to have one.*

(emphasis added). Polson cites *Jackson v. State*, 680 S.W.2d 809 (Tex.Cr.App.1984), as authority for the proposition that the trial court erred in ordering and considering a presentence investigation. In *Jackson*, the defense had requested a presentence investigation in applying for probation. After the judge who ordered the investigation died, a second judge denied probation without reviewing the evidence adduced at trial and without allowing a punishment hearing. The Court of Criminal Appeals held that "the trial court's use, *over objection,* of a presentence investigation report in determining what punish-

ment will be assessed ... was error." *Id.* at 814 (emphasis added). In *Jackson,* punishment was based *solely* on the presentence investigation report, and the appellant in that case objected to the use of the presentence report as a basis for determining punishment.

■ In the present case, Polson requested a presentence investigation. Polson's only objection to the use of the report was that it contained statements "attributable to certain alleged victims" of other offenses committed by Polson. Polson requested that the trial court not consider these statements, and the court indicated it would not do so. In a nonjury trial, we presume that the trial court does not consider inadmissible evidence in arriving at its judgment. *Morgan v. State,* 692 S.W.2d 877, 879 (Tex.Cr.App.1985); *Keen v. State,* 626 S.W.2d 309 (Tex.Cr.App.1981); *Hernandez v. State,* 556 S.W.2d 337 (Tex. Cr.App.1977). Polson's fifth and sixth grounds of error are overruled.

By his first and second grounds of error, Polson challenges the constitutionality of the statute under which he was convicted as violative of Tex.Const. Ann. art. III, § 35 (1984). Because this challenge, if upheld, would affect the punishment assessed in the present case, *see King v. State, supra* at 767 (Clinton, J., concurring), we will consider the merits of this contention.

■ Polson contends that the caption of H.B. 2008, the bill which amended § 22.021, *supra,* did not comply with the Texas Constitution, and that the amendment is therefore void. Article III, § 35, *supra,* requires that a bill's caption be specific enough to give a reasonable reader fair notice of the subject and contents of the bill. *Ex parte Crisp,* 661 S.W.2d 944, 946 (Tex.Cr.App.1983). A statute attacked under this provision should be construed liberally so as to uphold it if possible, but a stricter standard is enforced when the matter addressed is an amendatory act. *Id.; Bates v. State,* 587 S.W.2d 121, 128 (Tex. Cr.App.1979); *White v. State,* 440 S.W.2d 660 (Tex.Cr.App.1969).

The caption of H.B. 2008 reads in part:

An act relating to revision of the criminal laws relating to the offenses of rape, aggravated rape, rape of a child, sexual abuse, aggravated sexual abuse, and sexual abuse of a child; *redefining those offenses as assaultive offenses* and revising the elements of, *penalties for,* and period of limitation applicable to those offenses; ...

1983 Tex.Gen.Laws, ch. 977, at 5311 (emphasis added).

■ Polson complains of several alleged defects in the caption of H.B. 2008 including the failure to specifically enumerate sections of law amended or repealed, and the inclusion in the bill of more than one subject. Polson does not demonstrate how these alleged constitutional infirmities apply "to him in his situation," and he is therefore without standing to raise them on appeal. *Parent v. State,* 621 S.W.2d 796, 797 (Tex.Cr.App.1981).

■ Polson's only complaint with regard to defects in the caption as they apply here is that the bill amended § 3f(a)(1) of art. 42.12, *supra,* and that this amendment was not disclosed in the bill's caption. In § 10 of the bill, the offense of aggravated sexual assault was substituted in § 3f(a)(1) for the former offense of aggravated rape in the list of offenses the conviction of which renders an individual ineligible for a suspended sentence or probation under §§ 3 and 3c of art. 42.12, *supra.* We hold that the inclusion of the words "penalties for" makes the caption of H.B. 2008 specific enough to give a reasonable reader fair notice of the changes of which Polson complains. *Ex parte Crisp, supra.* Polson's first and second grounds of error are overruled.

The judgment of conviction is affirmed.