Patrick Terry COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–374–CR.

Court of Appeals of Texas,
Corpus Christi.

June 22, 1989.

Ronald N. Hayes, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and KENNEDY, and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction upon a non-negotiated plea of guilty to the felony offense of injury to a child. Tex.Penal Code § 22.04 (Vernon 1989). The trial court found appellant guilty and assessed punishment at forty-five years of confinement. The court also found that appellant used a deadly weapon in the commission of the offense. By one point of error, appellant contends the evidence is insufficient to support the trial court's affirmative finding that appellant used a deadly weapon. We affirm the judgment of the trial court.

The State, relying on *King v. State*, 687 S.W.2d 762 (Tex.Crim.App.1985), contends that appellant waived all non-jurisdictional defects because he signed a waiver of constitutional rights, an agreement to stipulate, and a judicial confession, and he entered a plea of guilty to the offense without an agreed recommendation. However, the complained of error occurred subsequent to the entry of the guilty plea; therefore, appellant retained the right to appeal. *King*, 687 S.W.2d at 767 (concurring opinion); *Polson v. State*, 709 S.W.2d 751, 753 (Tex.App.—Austin 1986, pet. ref'd); *see also Shallhorn v. State*, 732 S.W.2d 636, 639 (Tex.Crim.App.1987) (concurring opinion); *Lerma v. State*, 758 S.W.2d 383, 384 (Tex.App.—Austin 1988, no pet.).

After a punishment hearing, the trial court made an affirmative finding that appellant used a deadly weapon, his hands, in

committing the offense. Appellant contends the evidence is insufficient to support the trial court's finding. "Deadly weapon" is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Tex.Penal Code Ann. § 1.07(a)(34) (Vernon 1974).

A fist or hand is not a deadly weapon per se, but it can become a deadly weapon in the manner used depending upon the evidence shown. *Turner v. State*, 664 S.W.2d 86 (Tex.Crim.App.1983). Therefore, the hands could become a deadly weapon if in the manner of use, the hands are capable of causing death or serious bodily injury. *See Gilbert v. State*, 759 S.W.2d 535 (Tex.Crim.App.1989). The trial court can make an affirmative finding of use of a deadly weapon if employment of the deadly weapon facilitates the associated felony. *Patterson v. State*, 769 S.W.2d 938 (Tex.Crim.App.1989).

The facts show that the appellant was living with a couple, John and Kelly Kier, and their two children. One evening, John Kier went to his son's bedroom to check on him. Kier found appellant holding the child, an eighteen month old infant, upside down. Appellant explained that the child was choking, and he was trying to dislodge something from the child's throat. Appellant and the child's father tried, unsuccessfully, to revive the child. An emergency team arrived and took the child to the hospital where he was later pronounced dead.

Appellant was questioned by the police. He claimed he tried to get the child to stop crying so he threw the child in the air and as the child came down he caught the child by the leg, but the child's head struck the floor.

At trial, appellant stipulated that he "intentionally and knowingly engaged in conduct that caused serious bodily injury (to the complainant), a child younger than fifteen years of age by throwing the complainant and by dropping the complainant on his head." The medical examiner testified that the cause of death was a skull fracture and laceration of the liver with hemoperitoneum due to blunt trauma. Some of the injuries suffered by the child were consistent with a severe blow to the abdomen, pinching of the victim, covering the victim's mouth and nose, and breaking the victim's leg with two opposing forces.

The medical examiner further testified that the skull fracture occurred from a strong force consistent with dropping the child from a height of approximately five feet. He stated that this injury to the child's head could have caused the child's death absent any other injury. He agreed that adult hands could be used in such a way, such as dropping a child the age of the victim, that the hands would be capable of causing serious bodily injury or death.

We conclude that the evidence does support the trial court's affirmative finding that appellant's hands were a deadly weapon as used in the commission of the offense. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989). *Kirkpatrick v. State*, 747 S.W.2d 521, 524 (Tex.App.—Fort Worth 1988, pet. ref'd); *see also Gilbert*, 769 S.W.2d 535; *Turner v. State*, 664 S.W.2d 86. The judgment of the trial court is AFFIRMED.