Marcus **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–91–00148–CR.

Court of Appeals of Texas, First District.

March 5, 1992.

Jose C. Castillo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Andrea F. Lopes, Margaret Stewart, Asst. Dist. Attys., Houston, for appellee.

Before TREVATHAN, C.J., and MIRABAL and PRICE[1], JJ.

## OPINION

TREVATHAN, Justice.

This is an appeal from a conviction for injury to a child. After waiving trial by jury, upon a plea of nolo contendere, the trial court found appellant, Marcus Hernandez, guilty and made an affirmative finding that a deadly weapon had been used. The trial court assessed punishment at 25–years confinement. In two points of error, Hernandez argues the trial court should have sua sponte withdrawn his plea, that there is insufficient evidence to support the conviction, and that the trial court erred in denying his pretrial motion to quash the indictment. We affirm.

### 1. Background

Hernandez was charged by indictment with the felony offense of injury to a child.

In three paragraphs, the State alleged that Hernandez, on or about September 11, 1988:

1. intentionally and knowingly caused serious bodily injury to [Complainant], a child younger than 15 years of age by striking the Complainant's head *with* an unknown object;

2. intentionally and knowingly caused serious bodily injury to [Complainant], a child younger than 15 years of age by striking Complainant's head *against* an unknown object;

3. used and exhibited a deadly weapon, namely unknown to the grand jury, during the commission of and during the immediate flight therefrom.

At trial the State later abandoned the second paragraph of the indictment and Hernandez pled nolo contendere to the allegations in the first paragraph and not true to the allegation of using a deadly weapon.

## 2. Hernandez's first point

In his first point of error, appellant argues his conviction should be reversed and his cause remanded for a new trial, or in the alternative, that a judgement of acquittal be entered by this Court. He asserts the trial court erred by not sua sponte withdrawing his plea of nolo contendere because he did not judicially confess to the allegations in the indictment, and the State failed to introduce sufficient evidence to support the conviction. Appellant argues the evidence fairly raised an issue as to his innocence, because the State failed to show that he was the only individual that could have caused the death of the complainant. Thus, appellant asserts the trial court should have sua sponte withdrawn his plea and enter a plea of not guilty. *Valera v. State*, 553 S.W.2d 111, 112–14 (Tex.Crim. App.1977). Alternatively, appellant asserts there is insufficient evidence to support the trial court's determination of guilt.

■ We will first address the State's assertion that Hernandez has waived his right to appeal these contentions. The State, relying on *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972), argues Hernandez waived all nonjurisdictional de-

fects because his plea was voluntarily and understandingly made, and not entered pursuant to a plea bargain. While pleas of guilty and nolo contendere waive all nonjurisdictional defects, a nonnegotiated guilty plea will not necessarily waive defects in proceedings that have not yet occurred. *Polson v. State*, 709 S.W.2d 751, 753 (Tex. App.—Austin 1986, pet. ref'd). The complained of errors occurred after the entry of Hernandez's plea; therefore, he retained the right to appeal. *Fielder v. State*, 787 S.W.2d 453, 454 (Tex.App.—Houston [1st Dist.] 1990); aff'd as reformed, 811 S.W.2d 131 (Tex.Cr.App.1991); *Cooper v. State*, 773 S.W.2d 749, 749 (Tex.App.—Corpus Christi 1989, no pet.); *Polson*, 709 S.W.2d at 753. A plea of nolo contendere does not waive such defects as the State's failure to meet its requirement that sufficient evidence be presented to show guilt. *Polson*, 709 S.W.2d at 753.

### a. Withdrawal by court

■ The duty of a trial court to withdraw a defendant's plea arises only if evidence that fairly raises an issue as to his innocence is presented prior to the adjudication of the defendant's guilt. *Sullivan v. State*, 573 S.W.2d 1, 1–3 (Tex.Crim.App. [Panel Op.] 1978). For the court to be required to withdraw the plea sua sponte, the evidence must do more than raise a defensive issue. *Valera*, 553 S.W.2d at 112–14. The court will look to the totality of the circumstances in each case to determine whether there is sufficient evidence to require a withdrawal of the plea. *See Gates v. State*, 543 S.W.2d 360, 361–62 (Tex.Crim.App.1976).

At arraignment, the trial judge did not adjudicate Hernandez' guilt after his plea of nolo contendere was accepted. The trial court stated that it was "making no findings or conclusions at this time as to the guilt or innocence of the defendant in this cause or any decision or findings on the punishment to be assessed." The court conducted a hearing three days later.

■ The issue is whether the evidence presented fairly raises an issue as to Hernandez' innocence.

Before his plea was entered, Hernandez executed a waiver of constitutional rights and agreement to stipulate that states, in relevant part:

I understand the above allegations and I stipulate that the State's witnesses would testify that they are true and the acts alleged above were committed on September 11, 1988.

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of no contest without an agreed recommendation, though the State reserves the rights to present evidence and argue punishment. I waive any further time to prepare for trial to which I or my attorney may be entitled.

Before this document was admitted into evidence, the court thoroughly questioned Hernandez about his decision to enter a plea of no contest. Appellant testified that he understood the range of punishment for the crime with which he was charged and that he wanted to enter a plea of no contest. The court instructed Hernandez to examine the document and asked whether he understood that what had been marked as "States exhibit # 1" amounted to a stipulation of the evidence, and that signing the stipulation meant that he agreed that the State's witnesses would testify the allegations in the indictment were true.[2] Hernandez answered that he understood the stipulation, that his signature on the document was voluntarily given, and that he understood the effect of his signature. The court then admitted the stipulation into evidence. The document was sworn to, and signed by Hernandez' attorney as well as the trial judge.

The record further reflects that at the subsequent hearing held three days later, Carmen Gonzalez, Hernandez' live-in girlfriend at the time, testified that on the date of the offense she saw Hernandez hit the complainant in the face as he took her into their apartment. Gonzalez testified that after Hernandez and the complainant were inside and the door of the apartment was closed, she heard the complainant scream. When she went inside the complainant was on the floor whimpering. Gonzalez comforted the complainant and put her down for her regular afternoon nap. Sometime later when the complainant was awakened, Gonzalez testified that she looked around blankly and was walking "to one side with a limp." Gonzalez testified further that the complainant began to "vomit, to shake, clench her teeth, tightened her fists, extended her arms, and throw her head back." Dr. John Laurent, a pediatric neurosurgeon, testified these manifestations occur when the brain swells as a result of an injury to the back of the head. Laurent also testified that this type of swelling in the brain causes death.

Dr. Robert Jordon, a forensic pathologist, performed the autopsy on the complainant. The autopsy was admitted into evidence. He testified there was a considerable hemorrhage beneath the scalp, indicating some force was applied to the head in order to cause that type of bleeding. Jordon testified that there was a fracture on the top of the skull, measuring four and one half inches in length, caused by a considerable force, which would not include a slap, falling out of a car, or being shaken. It was his expert opinion that the complainant had died as a result of a fractured skull caused by blunt trauma to the head. Jordon also testified the type of fracture he described required the skull be fixed and a force applied to the other side or approximately the base and that the unknown object, which he considered to be a deadly weapon, was capable of and did cause serious bodily injury and the death of the com-

---

2. That Hernandez intentionally and knowingly engaged in conduct that caused serious bodily injury to [Complainant], a child younger than 15 years of age by striking the Complainant's head with an object unknown to the Grand Jury. Tex.Penal Code Ann. § 22.04(a) (Vernon 1989).

**58**

plainant. In other words, the "object," in the manner of its use by Hernandez, caused the complainant's death. *Mixon v. State*, 804 S.W.2d 107, 108 (Tex.Crim.App. 1991).

Under the totality of the circumstances, we find the evidence did not raise an issue about Hernandez' innocence requiring the trial court to withdraw his plea of nolo contendere.

**b. Sufficiency of the evidence**

Hernandez also contends there is insufficient evidence to support the conviction.

 The standard of review regarding the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, at 163 (Tex.Crim.App. 1991).

Viewing the evidence as discussed herein, in the light most favorable to the prosecution, we find the evidence is sufficient to support the conviction.

Appellant's first point of error is overruled.

**3. Motion to quash the indictment**

In his second point of error, appellant argues the trial court erred in denying his pretrial motion to quash the indictment. Appellant asserts he did not have sufficient notice of the State's intention to seek an affirmative finding that a deadly weapon was used because the State failed to properly describe what the deadly weapon was.

The State contends that Hernandez has waived his right to appeal the trial court error, if any, in denying his pretrial motion to quash the indictment. As noted above, the State relies on *Helms*, which held that where a plea is voluntarily and understandingly made, all nonjurisdictional de-

fects, including deprivation of federal due process, are waived. *Helms*, 484 S.W.2d at 925. In *Kass v. State*, the Court of Criminal Appeals stated:

> Since the record fails to reflect that the plea in the instant case was a negotiated plea bargain, appellant's pleas of guilty waived her right to complain of the court's actions in overruling the motion to quash. Nothing is presented for review.

*Kass v. State*, 642 S.W.2d 463, 466 (Tex. Crim.App. [Panel Op.] 1981) (citations omitted).

The record reflects that appellant's plea was voluntarily and understandingly made and not entered into pursuant to a plea bargain. We find that appellant waived his right to appeal the trial court's denial of his pretrial motion to quash the indictment. *Kass*, 642 S.W.2d at 466.

Appellant's second point of error is overruled.

The judgment is affirmed.