**Valerie FISHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–02–00559–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 2003.

---

Mark Allen Rubal, Houston, for appellant.

Carmen Castillo Mitchell, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices FOWLER and EDELMAN.

## OPINION

SCOTT BRISTER, Chief Justice.

Appellant, Valerie Fisher, was charged with the felony offense of delivery or offer to deliver a dangerous drug. She waived a jury and pleaded guilty without an agreed plea bargain. The trial court initially withheld a finding of guilt, pending completion of a pre-sentence investigation report (PSI). After reviewing the PSI at a later hearing, the trial court found appellant guilty and assessed punishment at 13 months' confinement.

In one issue, appellant argues the trial court should have withdrawn her guilty plea *sua sponte* when evidence in the PSI raised an issue as to her innocence,[1] citing *Hernandez v. State*, 827 S.W.2d 54, 56 (Tex.App.-Houston [1st Dist.] 1992, no pet.). While *Hernandez* may be distinguished on several grounds,[2] in any event it cannot stand for the proposition asserted. The Court of Criminal Appeals, the First Court of Appeals (which issued *Hernandez*), and this Court all agree withdrawal is not required when a jury has been waived and the case submitted to the court, as the judge is then free to make any finding based on the evidence (guilty, guilty of a lesser-included offense, or not guilty) regardless of the plea. *See Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim.App.1978); *Solis v. State*, 945 S.W.2d 300, 302-03 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd); *Graves v. State*, 803 S.W.2d 342, 346 (Tex.App.-Houston [14th Dist.] 1990, pet. ref'd).

In the present case, appellant expressly and voluntarily waived her right to a jury trial, judicially confessed to the offense charged, received the required admonishments,[3] and entered a guilty plea. The court found appellant mentally competent, found her plea was voluntary, and found sufficient evidence to support guilt. Therefore, the trial court did not err in refusing to withdraw appellant's guilty plea.

The judgment of the trial court is affirmed.

---

1. In her written statement in the PSI, appellant admitted she drove her aunt to a convenience store where the narcotics were sold, but denied playing any part except receiving the money and responding to questions as directed by her aunt. But in the statement appellant also said "I'm guilty of this offense." At the hearing, she testified "I know I was in the wrong." The PSI also included a synopsis of the police report, in which the arresting officer said appellant not only took the money but said she could provide more narcotics in the future.

2. The defendant in *Hernandez* pleaded *nolo contendere* rather than guilty. *Id.* at 56. Moreover, the appeals court found the evidence did not raise an issue as to his guilt, *id.* at 57–58, so the withdrawal question was not directly presented.

3. *See* Tex.Code Crim. Proc. 26.13.