Affirmed and Opinion filed _____________, 2002














Affirmed and Opinion
filed May 8, 2003.                                                         

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00559-CR

____________

 

VALERIE FISHER,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 248th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 894,144




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

Appellant, Valerie Fisher, was
charged with the felony offense of delivery or offer to deliver a dangerous
drug.  She waived a jury and pleaded
guilty without an agreed plea bargain.  The
trial court initially withheld a finding of guilt, pending completion of a
pre-sentence investigation report (PSI). 
After reviewing the PSI at a later hearing, the trial court found
appellant guilty and assessed punishment at 13 months’ confinement.  

In
one issue, appellant argues the trial court should have withdrawn her guilty
plea sua sponte when evidence
in the PSI raised an issue as to her innocence,[1]
citing Hernandez v. State, 827 S.W.2d
54, 56 (Tex. App.—Houston [1st Dist.] 1992, no pet.).  While Hernandez
may be distinguished on several grounds,[2]
in any event it cannot stand for the proposition asserted.  The Court of Criminal Appeals, the First
Court of Appeals (which issued Hernandez),
and this Court all agree withdrawal is not required when a jury has been waived
and the case submitted to the court, as the judge is then free to make any
finding based on the evidence (guilty, guilty of a lesser-included offense, or not guilty) regardless of the plea.  See Moon
v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978);
Solis v. State, 945 S.W.2d 300, 302–03
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d); Graves v. State, 803 S.W.2d
342, 346 (Tex. App.—Houston [14th Dist.] 1990, pet. ref’d).  

In the
present case, appellant expressly and voluntarily waived her right to a jury
trial, judicially confessed to the offense charged, received the required admonishments,[3]
and entered a guilty plea.  The court
found appellant mentally competent, found her plea was voluntary, and found
sufficient evidence to support guilt.  Therefore,
the trial court did not err in refusing to withdraw appellant’s guilty plea.

            The
judgment of the trial court is affirmed.                                                                                                                                                                                                                                                                                                                                                                                                                           

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment rendered and Opinion filed May 8,
 2003.

Panel consists of Chief Justice Brister and
Justices Fowler and Edelman.











[1] In
her written statement in the PSI, appellant admitted she drove her aunt to a
convenience store where the narcotics were sold, but denied playing any part
except receiving the money and responding to questions as directed by her
aunt.  But in the statement appellant also
said “I’m guilty of this offense.”  At
the hearing, she testified “I know I was in the wrong.”  The PSI also included a synopsis of the
police report, in which the arresting officer said appellant not only took the
money but said she could provide more narcotics in the future.





[2] The
defendant in Hernandez pleaded nolo contendre rather
than guilty.  Id. at
56.  Moreover, the appeals court found
the evidence did not raise an issue as to his guilt, id. at 57–58, so the withdrawal question was not directly
presented.





[3] See Tex.
Code  Crim. Proc. 26.13.