Affirmed and Opinion filed _____________, 2003















Affirmed and Memorandum
Opinion filed September 30, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00736-CR

____________

 

URSULA BRIGGS,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 174th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 865,043




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant Ursula Briggs appeals her
first-degree felony theft conviction for stealing more than $200,000 from her
employer.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion. See Tex. R. App. P. 47.1.  We affirm.

            Appellant waived a jury and entered
a plea of guilty to the offense charged. 
The trial court initially withheld a finding of guilt, pending
completion of a pre-sentence investigation (“PSI”) report.  Upon review of that report at a later
hearing, the trial court found appellant guilty and sentenced her to five
years’ imprisonment.

            First,
appellant argues the trial court should have withdrawn her guilty plea sua sponte when evidence in the PSI
report (namely, her
claim that she had stolen only about $5,000) raised an issue as to her
innocence.  But this rule does not apply to bench trials,
as the trial judge is in a position to credit or disbelieve particular evidence.
 See Moon v. State, 572
S.W.2d 681, 681-82 (Tex. Crim. App. 1978) (en banc).  Accordingly, withdrawal of a guilty plea is
not required when a jury has been waived and the case submitted to the court.  Id.; Fisher v. State, 104
S.W.3d 923, 924 (Tex. App.–Houston [14th Dist.] 2003, no pet.).  Appellant expressly and
voluntarily waived her right to a jury, judicially confessed to the offense
charged, received the required admonishments, and entered a guilty plea.  The trial court found her
mentally competent, her plea voluntary, and sufficient
evidence to support guilt.  Thus, the
trial court did not err in failing to sua
sponte withdraw the guilty plea.

            Second, appellant argues the trial
court abused its discretion in sentencing her to five years’ imprisonment.  But appellant failed to object to the
sentence at the time of imposition. 
Indeed, when asked by the trial judge whether she had anything to say
concerning why the sentence should not be pronounced at that time, appellant
responded, “No.  I did not do what they
said.”  Having failed to preserve error,
appellant waived any complaint.  See Tex.
R. App. P. 33.1(a).

            Even had she preserved the alleged
error, appellant’s contention is without merit. 
We review her sentence for abuse of discretion.  Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc).  The evidence showed appellant, a cashier at a
Wal-Mart, took almost $300,000 over the course of her employment.  The trial court assessed appellant’s
punishment at five years’ confinement, the minimum term of confinement
authorized by law.  See Tex. Pen.
Code §§ 12.32(a), 31.03(e)(7).  The trial court did not abuse its discretion
in assessing appellant’s punishment.

            

The judgment is affirmed.

 

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment rendered and Memorandum Opinion
filed September 30, 2003.

Panel consists of Chief Justice Brister and
Justices Anderson and Seymore.

Do Not Publish –– Tex. R. App. P. 47.2(b).