Opinion issued January 29, 2004.












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01114-CR
NO. 01-02-01115-CR




JESUS SANCHEZ GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 851348 and 893401




MEMORANDUM OPINION

          In trial court cause numbers 851348 and 893401, the State charged appellant
Jesus Sanchez Garcia with two separate felony offenses of delivery of at least 400
grams of cocaine. Garcia waived his right to a trial by jury and entered guilty pleas
to both offenses. The trial court withheld its finding on Garcia’s pleas, and ordered
a pre-sentence investigation report (PSI). After reviewing the PSI, the trial court
found appellant guilty of both offenses, and assessed punishment at 30 years’
confinement.
          Garcia’s appointed appellate counsel filed an Anders brief and moved to
withdraw, representing that her review of the record revealed no arguable grounds of
error. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Counsel advised Garcia of her evaluation, and informed him that he had the right to
file a pro-se appellate brief. Garcia thereafter filed his pro-se brief.
          In four points of error, Garcia contends that (1) the trial court erred in not 
withdrawing his guilty pleas sua sponte; (2) his counsel rendered ineffective
assistance due to an attorney conflict and his failure to pursue a motion to suppress;
and (3) his guilty pleas were involuntary, because of the purported ineffective
assistance and because he based the pleas upon alleged erroneous information given
to him by defense counsel. We affirm.
I.       Sua Sponte Withdrawal of Guilty Pleas
          In his first point of error, Garcia contends that the trial court sua sponte should
have withdrawn his guilty pleas because the PSI contained a statement that
“impliedly” suggested his innocence:
I was not doing anything, just sitting in the truck. The men were
speaking English and I did not know what they were talking about. I do
not speak English. The police came and took me out of the truck. I did
not know what was happening.

Relying on Sullivan v. State, 573 S.W.2d 1, 1-2 (Tex. Crim. App. 1978), Garcia
asserts that these statements constitute evidence of innocence, and imposed upon the
trial court a duty to withdraw his guilty pleas.
          Garcia took a different position in the trial court. During the punishment
hearing, the trial court asked whether the parties had any objections or corrections to
the PSI, and defense counsel responded as follows:
Judge, the only thing that I would add is -- and this would come out later
perhaps -- is that on page three of the defendant’s version/statement, we
were not present and did not consult with Mr. Garcia when he gave that
statement and it implies that he is denying this offense conduct. That is
not his position, Judge, and I just want to note that to the court, that he’s
accepting responsibility for his conduct.

          The Court of Criminal Appeals has held that when a defendant waives a jury
trial and elects to plead guilty, the trial court is under no obligation to withdraw the
defendant’s plea sua sponte, even when presented with evidence that raises defensive
issues. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Moon v. State,
572 S.W.2d 681, 682 (Tex. Crim. App. 1978). See also Fisher v. State, 104 S.W.3d
923, 924 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (“[W]ithdrawal is not
required when a jury has been waived and the case submitted to the court, as the
judge is then free to make any finding based on the evidence (guilty, guilty of a
lesser-included offense, or not guilty) regardless of the plea.”).



          We overrule Garcia’s first point of error.
II.      Ineffective Assistance of Counsel
          In his second point of error, Garcia complains of conflicts of interest that
purportedly rendered defense counsel’s representation ineffective. The first stems
from the fact that Garcia hired one attorney, who apparently hired a second attorney
to represent Garcia at trial. Garcia asserts for the first time on appeal that he did not
agree with the strategy employed by the second attorney; in particular, his guilty
pleas. The second arises from the fact that Garcia’s counsel informed the trial court
that although the PSI statement implied that Garcia denied involvement in the
offense, he was, in fact, responsible, and he intended to accept responsibility for his
conduct. In his third point of error, Garcia contends that he did not receive effective
assistance because his trial counsel elected not to pursue a motion to suppress.
Standard of Review
          We follow the two-pronged test announced in Strickland v. Washington, 466
U.S. 668, 104 S. Ct. 2052 (1984). In order to prevail, Garcia must prove that (1) his
counsel’s representation was deficient; and (2) the deficient performance was so
serious that it prejudiced his defense. See id, 466 U.S. at 687, 104 S. Ct. at 2064. 
We begin our analysis with a strong presumption that counsel’s conduct was
reasonable. Id., 466 U.S. at 689, 104 S. Ct. at 2065. Accordingly, the allegation of
ineffective assistance must be firmly founded and affirmatively demonstrated in the
record. Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d). Garcia must also overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. See
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
          A.      Conflict of Interest
          Ineffective assistance of counsel may result if a conflict of interest develops
between an attorney and client. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim.
App. 1997). To prevail where the defendant did not complain of the conflict of
interest at trial, however, the defendant must demonstrate that (1) an actual conflict
of interest burdened his counsel, and (2) the conflict of interest adversely effected
specific instances of counsel’s performance. See Cuyler v. Sullivan, 446 U.S. 335,
348, 100 S. Ct. 1708, 1718 (1980); McKinny v. State, 76 S.W.3d 463, 477 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d).
          An adverse effect results only when some plausible defense strategy or tactic
might have been pursued, but was not, because of the conflict of interest. Ramirez v.
State, 13 S.W.3d 482, 487 (Tex. App.—Corpus Christi 2000), pet. dism’d,
improvidently granted, 67 S.W.3d 177 (Tex. Crim. App. 2001). The mere assertion
of the existence of a conflict of interest will not support a claim of ineffective
assistance of counsel. See Cuyler, 446 U.S. at 350, 100 S. Ct. at 1719 (“ . . . until a
defendant shows that his counsel actively represented conflicting interests, he has not
established the constitutional predicate for his claim of ineffective assistance.”).
          Actual conflicts of interest have been shown to exist when one defendant
stands to gain significantly by counsel adducing probative evidence or advancing
plausible arguments that are conversely damaging to the cause of another defendant
whom counsel is also representing. Ferguson v. State, 639 S.W.2d 307, 310 (Tex.
Crim. App. 1982). An actual conflict of interest may also exist if defense counsel is
required to make a choice between advancing his client’s interest in a fair trial or
advancing other interests to the detriment of the interest of his client Monreal, 947
S.W.2d at 564. Garcia relies upon cases which fit within one of these two categories.



          Garcia’s case, however, is different. Garcia contends on appeal that an actual
conflict of interest arose because he did not hire his trial counsel, but only hired his
initial attorney, and he did not agree with his trial counsel’s strategy of a guilty plea. 
Garcia, however, never objected either at trial or during a hearing on a motion for
new trial to the representation. Nor has he shown evidence of any gain to a co-defendant or to his trial attorney that indicates any actual conflict. Garcia further
asserts that he did not want to plead guilty to both offenses, and that his attorney
should not have advised the trial court to disregard his statement in the PSI. The
record, however, is bereft of evidence to support these assertions.
          Garcia did not attempt to develop a record of his disagreement with his
counsel’s conduct either during the punishment hearing or at a hearing on his motion
for new trial. Before entering his pleas of guilty, Garcia waived the presence of a
court reporter. During the punishment hearing, the trial court gave Garcia the
opportunity to testify, but, after being sworn, Garcia elected not to testify. Garcia’s
trial counsel explained to the trial court that Garcia intended to make a statement
during the hearing, but “it wasn’t going to be in the nature of testimony regarding the
circumstances of the offense.” Later, during the punishment hearing, Garcia made
the following statement: “Forgive me, because my family is going to be alone and my
daughters, that they need me. Please forgive me.” Garcia thus cannot point to any
evidence of a conflict in the record.
          Moreover, Garcia has not demonstrated that his trial attorney failed to pursue
a plausible strategy or tactic because of the change in attorneys. See Ramirez, 13
S.W.3d at 487. The claimed disagreement with counsel as to the guilty plea is belied
by Garcia’s own signed waiver and by his statements to the trial court. To find
Garcia’s counsel ineffective based on the grounds that Garcia has asserted would
require that we engage in speculation, which we decline to do. Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no writ).
          We hold that Garcia has failed to rebut the presumption that his counsel
rendered effective assistance. See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim.
App. 1998); Henderson, 29 S.W.3d at 624.
          We overrule Garcia’s second point of error.
          B.      The Motion to Suppress
          In his third point of error, Garcia contends that he did not receive effective
assistance because his trial counsel elected to not pursue a motion to suppress. The
initial attorney who represented Garcia filed a motion to suppress. No hearing on the
motion to suppress took place, however, before the trial court accepted his guilty
pleas.
          To prevail on his contention, Garcia must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Gamble, 916 S.W.2d at 93. 
The right to effective assistance of counsel does not mean errorless counsel or
counsel whose competency is judged by hindsight. Doherty v. State, 781 S.W.2d 439,
441 (Tex. App.—Houston [1st Dist.] 1989, no pet.). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). Here, nothing in the record demonstrates that a
guilty plea before the suppression hearing was an unreasonable trial strategy. 
Moreover, nothing in the record indicates that the motion to suppress, had it been
considered by the trial court, would have lead to the suppression of any evidence. See
Ex parte Ewing, 570 S.W.2d 941, 943 (Tex. Crim. App. 1978). Accordingly, Garcia
has failed to demonstrate that a reasonable probability exists that the result of the
proceeding would have been different. Strickland, 466 U.S. at 694, 104 S. Ct at.
2068.
          Because we find nothing in the record to support Garcia’s claim of ineffective
assistance based upon his contention that his trial counsel should have pursued the
motion to suppress, we overrule Garcia’s third point of error.
III.    Voluntariness of Garcia’s Pleas of Guilt
          In his fourth point of error, Garcia contends that his guilty pleas were
involuntary, because (1) his attorney’s assistance was ineffective, and (2) he based
his decision to plead guilty upon erroneous information. Garcia contends that he
believed he would receive five years’ confinement if he were to plead guilty to both
offenses.
          The two-part test announced in Strickland v. Washington applies to challenges
to guilty pleas based upon ineffective assistance of counsel. Hill v. Lockhart, 474
U.S. 52, 58, 106 S. Ct. 366, 370 (1985). As discussed, Garcia has failed to show that
his lawyer rendered ineffective assistance. In addition, Garcia’s claim that he took
his pleas based on a faulty prediction does not render the pleas infirm. This court has
held that “[h]owever exceptional the circumstances, a defendant’s claim he was
misinformed by counsel, standing alone, is not enough for us to hold his plea was
involuntary.” Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st
Dist.] 1996, pet. ref’d).
          Garcia, aided by a certified court interpreter at the September 20th hearing,
executed two documents, each entitled “Waiver Of Constitutional Rights, Agreement
To Stipulate, And Judicial Confession.” The waiver regarding the July 26, 2000
indictment contains the following statements:
I am satisfied that the attorney representing me today in court has
properly represented me and I have fully discussed this case with him. 
I intend to enter a plea of guilty and the prosecutor will recommend that
my punishment should be set at plea without an agreed recommendation
- defendant requests PSI and I agree to that recommendation.

The waiver regarding the November 8, 2001 indictment contains similar language:
I am satisfied that the attorney representing me today in court has
properly represented me and I have fully discussed this case with him. 
I intend to enter a plea of guilty and the prosecutor will recommend that
my punishment should be set at WOAR [Without Agreed
Recommendation] Defendant requests PSI and I agree to that
recommendation.
The written documents also advised Garcia of the range of punishment for the two
offenses alleged, and the consequences of his guilty plea. The record contains no
evidence supporting Garcia’s contention that he received misinformation which
caused him to believe that he would receive five years’ confinement if he were to
plead guilty to both offenses. We hold that Garcia’s guilty pleas were voluntary, and
not a result of his receipt of misinformation.
          We overrule Garcia’s fourth point of error. We grant counsel’s motion to
withdraw.


 All other pending motions are denied.
Conclusion
          The judgments of the trial court are affirmed.
 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.4.