**Opinion issued August 16, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00112-CR

————————————

**JAMES ROOSEVELT RUE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 06CR0286**

## MEMORANDUM OPINION

Following a bench trial, the trial court found James Roosevelt Rue guilty of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a), (b) (West 2011). The trial court found true that Rue had a prior conviction for

burglary of a vehicle and assessed a sentence of five years' confinement. On appeal, Rue contends that the evidence is legally insufficient to support a finding that he committed aggravated assault with a deadly weapon. We affirm.

## Background

James Roosevelt Rue and Latoshua Praylor are the parents of J., a minor. By the time J. was born, Rue and Praylor had separated. They entered into a child custody agreement with respect to J.

The custody agreement provided that Rue would have possession of J. during the winter holiday. During December 2005, J. was staying with Rue at his home, but before the holiday was over, J. called her mother and told her that she wanted to return to her mother's home.

After the call, Praylor arrived at Rue's home to pick up J. Rue refused to release her. Praylor sought police intervention and, on December 27, the constable's office directed Rue to release J. that evening. Before the appointed time, however, Praylor and her boyfriend, Gerald Chaney, went to Rue's house to pick up J.

As Praylor and Chaney approached Rue's house, they saw J. playing outside. Chaney, who was driving Praylor's truck, stopped, and Praylor opened her door and walked toward her daughter. As mother and child approached each other, Rue, who was sitting nearby, arose and headed toward Praylor to prevent her

2

from reaching J. Chaney quickly left the truck and grabbed Rue's neck to restrain him and allow Praylor and J. to head back to the truck. The men struggled. Rue escaped Chaney's grasp. Rue said, "Hold on, I've got something for you," and ran into the house. As Chaney hurriedly entered the truck, Rue came through the front door with a pistol. He began shooting at the truck. Praylor was standing near the truck's passenger side, holding J. in her arms. Two shots entered through the driver's side door and struck Chaney before he was able pull the vehicle away.

Chaney drove off, leaving both Praylor and J. on the street. Rue walked up to Praylor, and demanded that she put J. down. After Praylor complied, she ran down the street towards Chaney. Chaney drove to the end of the street, where he saw Officer R. Hall in his patrol car, and asked him for assistance. Hall instructed Praylor, who by then had caught up to Chaney, to take Chaney to the hospital. Hall then headed toward Rue's house, where he detained Rue. Police arrested and charged Rue with aggravated assault with a deadly weapon.

## Evidentiary Sufficiency

### A.   *Standard of Review*

In his sole issue on appeal, Rue challenges the sufficiency of evidence supporting his conviction. He specifically contends that the evidence established he had a right to use deadly force in self-defense or to prevent aggravated kidnapping. Self-defense and defense of a third person are defenses to prosecution

3

under Penal Code section 2.03. *See* TEX. PENAL CODE ANN. §§ 2.03, 9.02, 9.32, 9.33 (West 2011). A defendant has the burden of producing some evidence to support a claim of a section 2.03 defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once the defendant produces that evidence, the State bears the ultimate burden of persuasion to disprove the raised defense. *Id.* at 594–95. The burden of persuasion does not require that the State produce evidence, but it requires that the State prove its case beyond a reasonable doubt. *Id.* at 594; *see also Saxton v. State*, 804 S.W.2d 910, 912 nn.3 & 4 (Tex. Crim. App. 1991) (holding that state did not have to produce evidence disproving or refuting claim of self-defense, even if all evidence supporting defense was uncontradicted and consistent); TEX. PENAL CODE ANN. § 2.03(d) ("If the issue of the existence of a defense is submitted to the jury, the court shall charge that reasonable doubt on the issue requires that the defendant be acquitted."). If the factfinder finds the defendant guilty, then it implicitly finds against the defensive theory. *Zuliani*, 97 S.W.3d at 594.

Because the State bears the burden of persuasion to disprove a section 2.03 defense by establishing its case beyond a reasonable doubt, we review evidentiary sufficiency challenges to the factfinder's rejection of such a defense under the *Jackson v. Virginia* standard. *Smith v. State*, 355 S.W.3d 138, 145 (Tex. App.— Houston [1st Dist.] 2011, pet. ref'd); *see Brooks v. State*, 323 S.W. 3d 893, 895

(Tex. Crim. App. 2010) (referring to *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781 (1979)).  Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt.  *See Jackson*, 443 U.S. at 314, 319 n.11, 320; *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  An appellate court may not re-evaluate the weight and credibility of the record evidence. *Williams*, 235 S.W.3d at 750.

## II.    *Applicable Law*

"A person commits the offense of aggravated assault if the person . . .(1) intentionally, knowingly, or recklessly causes bodily injury to another," and the person (2) "uses or exhibits a deadly weapon during the commission of the assault."  TEX. PENAL CODE ANN. §§ 22.01, 22.02 (West Supp. 2011).  "Bodily injury" means physical pain, illness, or any impairment of physical condition.  TEX. PENAL CODE ANN. § 1.07(a)(8) (West 2011).  A "deadly weapon" is (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.  *Id*. at § 1.07(a)(17).

A person is justified in using force against another person to protect himself or a third person if he "reasonably believes the force is immediately necessary" to protect himself or the third person against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31. A "reasonable belief" is one held by "an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(a)(42). The factfinder evaluates whether the actor is justified in using force to protect a third person by considering whether, under the circumstances as the actor reasonably believes them to be, the actor himself, if placed in the third person's shoes, would be justified in using force to protect himself. *See* TEX. PENAL CODE ANN. § 9.33; *Hughes v. State*, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986).

"Deadly force is force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." *Id.* § 9.01(3). For Rue to prevail on his defenses, the evidence must demonstrate that Rue reasonably believed: (1) deadly force was immediately necessary to protect himself against Chaney's use or attempted use of unlawful deadly force; or (2) Chaney was committing or attempting to commit aggravated kidnapping. *See* TEX. PENAL CODE ANN. §§ 9.31(a), (a)(1)(C), 9.32(a)(2). Under both defenses, the evidence also must show that a reasonable person in Rue's situation would not have retreated. *See id.* § 9.32(b)(1), (c).

6

### III.  Analysis

The evidence shows that Rue shouted "I've got something for you," retrieved his gun from his house, and then used it to shoot Chaney.  Rue fired the pistol more than once in the direction of Praylor's truck.  Chaney sustained two gunshot wounds and required hospitalization.  This evidence suffices to show that Rue intentionally, knowingly, or recklessly caused bodily injury to Chaney and used or exhibited a deadly weapon during the commission of the assault.  *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02.

#### A.  Self-defense

We next consider whether the evidence supporting either of Rue's defensive claims conclusively establishes a reasonable doubt.  *See Jackson*, 443 U.S. at 314, 319 n.11, 320; *Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.  Rue testified that that he shot Chaney in self-defense because, during their altercation, Chaney wielded a knife and restrained Rue by choking him.  Rue explained that he shot at the truck because Chaney had a reputation for carrying a firearm in his truck, and Rue feared for his own safety.

Hands are not deadly weapons per se, but they can become deadly weapons depending on how the actor uses them.  *Cooper v. State*, 773 S.W.2d 749, 749–50 (Tex. App.—Corpus Christi 1989, no pet.) (citing *Turner v. State,* 664 S.W.2d 86 (Tex. Crim. App. 1983)).  The act of choking can make hands into a deadly

7

weapon. *Judd v. State,* 923 S.W.2d 135, 140 (Tex. App.—Fort Worth 1996, pet. ref'd); *Childers v. State*, No. 14-03-00370-CR, 2004 WL 332366, at *1 (Tex. App.—Houston [14th Dist.] Feb. 24, 2004, no pet.) (mem. op., not designated for publication). For Rue to prevail on his self-defense claim, the record must have conclusive proof that Chaney's hands or his alleged knife constituted a deadly weapon, or that Rue reasonably believed Chaney had a gun in the truck.

At different times, Praylor described Chaney's use of his hands as either "choking" or "grabbing" Rue. In contrast, Chaney testified that he did not hold Rue's neck with the intention of harming or killing him. By the time Rue had retrieved his gun, Chaney was not holding Rue any longer. Given this conflicting evidence, the trial court reasonably could have concluded that Chaney's hands did not constitute a deadly weapon.

Rue's testimony provides the only evidence that Chaney held a knife. Rue conceded that he saw only "the chrome part of the blade," and did not know whether "it was a butcher knife or if it was a pocketknife." His other daughter, who witnessed the incident, testified that she saw something shiny that wasn't a ring, but stopped short of identifying a knife at the scene. Both Praylor and J. testified that Chaney did not use a knife to hold Rue at the neck. The trial court also observed that the pictures of Rue's neck "do[] not substantiate his claim that a knife was held to his throat where there was a struggle." We defer to the trial

8

court's credibility determination on this issue. *See Smith*, 355 S.W.3d at 146; *see also Denman v. State*, 193 S.W.3d 129, 132–33 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (finding evidence sufficient to support conviction for aggravated assault under *Jackson v. Virginia* standard despite defendant's claim of self-defense, which was based on testimony of defendant and other witnesses who stated that complainant had assaulted or threatened defendant on prior occasions).

Chaney did not pursue Rue; thus, any imminent threat posed by Chaney's hands or a knife ended when Rue broke free from Chaney's grasp and ran toward the house. Rue's exclamation, "Hold on, I've got something for you," belies his claim that he was under the imminent threat of deadly force from Chaney. The trial court found that, by the time Rue returned from his house with a pistol, Chaney was either in the truck or in the process of getting in the truck and closing the door, and that the placement of the bullet holes indicate that the door was closed and the truck started to move when the shooting occurred. The evidence supports these findings and further undermines any showing that a reasonable person in Rue's situation would not have retreated. *See Smith*, 355 S.W.3d at 147 (holding that jury reasonably could have concluded that defendant's conduct in chasing victim and attempting to stab him was inconsistent with self-defense claim); *see also Cleveland v. State*, 177 S.W.3d 374, 381 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding that jury could have reasonably concluded that

9

defendant's conduct in stabbing wife in back as she lay bleeding on floor was inconsistent with self-defense claim).

Rue also claims that he retrieved his gun because Chaney had a reputation of carrying a gun in his truck. However, Chaney and Praylor had arrived in Praylor's truck, not Chaney's, and Praylor testified that Rue knew that the truck belonged to her. Based on this evidence, the trial court reasonably could have rejected Rue's subjective belief that Chaney had stashed a gun in Praylor's truck. *See Preston v. State*, 756 S.W.2d 22, 25 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *see also Gonzalez v. State*, No. 04-09-00386-CR, 2010 WL 2679989, at *5 (Tex. App.—San Antonio July 7, 2010, no pet.) (mem. op., not designated for publication) (holding that evidence was insufficient to establish reasonable belief where no evidence showed that the victim had firearm when altercation occurred, even though defendant subjectively believed that he did). We hold that Rue's testimony, viewed together with the other evidence presented at trial, does not render the evidence legally insufficient to support the trial court's rejection of his self-defense claim. *See Smith*, 355 S.W.3d at 146 (citing *Chambers v. State,* 805 S.W.2d at 461) (Tex. Crim. App. 1991)); *see also Denman,* 193 S.W.3d at 132–33.

## B. Defense to prevent aggravated kidnapping

In rejecting Rue's defensive claim that he used deadly force to prevent aggravated kidnapping, the trial court found that the terms of the child custody order required that Rue exercise all periods of possession at his mother's home and under her supervision, but Rue's mother was not at his home when the incident occurred. Noting that no other evidence addressed the parents' custodial rights, the trial court concluded that Rue's visitation with J. did not comply with the written terms, and therefore, under the order, Praylor had the greater right of possession. The record buttresses this conclusion with Rue's admission to the police, immediately after the incident occurred, that Praylor had rightful custody under the child custody order.

The trial court also discounted Rue's claim that he shot at Chaney because he was already in the driver's seat and was about to leave with J., noting that, by shooting at the truck, Rue's actions did not protect J. but actually put her in danger. This evidence supports a finding that an ordinary and prudent person in Rue's circumstances would not have taken the actions he did. *See Tanguma v. State*, 721 S.W.2d 408, 412 (Tex. App.—Corpus Christi 1986, pet. ref'd) (holding that defendant's testimony showing lack of reasonable belief in defensive claim trumps testimony that would support opposite inference).

## Conclusion

We hold that sufficient evidence supports Rue's conviction for aggravated assault with a deadly weapon.  We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).