**Daniel Joseph LOVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–85–053–CR.

Court of Appeals of Texas,
Austin.

Jan. 15, 1986.

William P. Allison, Darryl Levy, Austin, for appellant.

Ken Oden, County Atty., Joseph C. Parker, Jr., Asst. County Atty., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Daniel Joseph Love appeals from a conviction for driving while intoxicated, first offense. After a bench trial, the county court-at-law of Travis County assessed punishment at confinement in jail for ninety days and a fine of $500, but suspended imposition of sentence, except for $200, and placed Love on probation subject to certain conditions. This Court will reform and affirm the judgment.

Love attacks two of the conditions of probation: (1) that his driver's license was suspended for one year and (2) that he was not to operate a motor vehicle in Texas for two years. Love claims that under the circumstances and under the relevant statutes, the court was not empowered to impose those conditions of probation. More specifically, Love claims that Tex.Rev.Civ.

Stat.Ann. art. 6687b, § 24(g)(1) (Supp.1985) bars the court from suspending his license as a condition of his probation as a first-time DWI offender. Section 24(g)(1) provides, in pertinent part:

the Department [of Public Safety] may not, during the period of probation, suspend the driver's license ... of a person if the person is required under Section 6c, Article 42.13, Code of Criminal Procedure, 1965, to attend and successfully complete an educational program designed to rehabilitate persons who have driven while intoxicated.

Love meets the requirements of this section, because he was given a probated DWI sentence and was required by Tex.Code Cr.P.Ann. art. 42.13, § 6c (Supp.1985) to attend an alcohol rehabilitation program.[1] Although § 24(g)(1) facially applies only to the Department of Public Safety, Love maintains that it must be extended by implication to courts in order to properly effectuate the legislative scheme of DWI rehabilitation and punishment.

Love claims, finally, that the definition of "suspension of driver's license" in § 1(6) of art. 6687b is sufficiently broad to encompass both the license suspension and the no-driving conditions of probation imposed by the trial court, and that the same legal analysis should therefore apply to both conditions.

Section 1(6) reads:

"Suspension of driver's license" means the temporary withdrawal of a person's license or privilege to operate a motor vehicle on a public highway.

Because § 1(6) is sufficiently broad to include the trial court's no-driving condition of probation, we will analyze the two challenged conditions of probation together, and make no further distinction between them.

In defense of the trial court's conditions, the state responds that § 24(g)(1) does not, on its face, and should not by implication, restrain the trial court's traditionally broad powers to impose conditions of probation. As authority, the State refers this Court to Tex.Code Cr.P.Ann. art. 42.13, § 6(a), which grants the court broad discretion to impose conditions of probation.

Texas Rev.Civ.Stat.Ann. art. 6687b, § 24(g) furnishes a fairly complete and detailed scheme for probation of first-time DWI offenders. Subsection (g), read as a whole, supports the conclusion that (g)(1) does indeed restrain the court's ability to suspend the license of a first-time DWI offender as a condition of probation.

Subsection (g) has four subsections. Subsection (g)(1), at issue in this appeal, prohibits the Department of Public Safety from suspending the license, during the period of probation, of any person required under Tex.Code Cr.P.Ann. art. 42.13, § 6c to attend an alcohol education program (i.e. a first-time DWI offender.) Subsection (g)(2) provides for automatic suspension of the license of any first-time offender who fails to complete the alcohol education program during the allotted period. Subsection (g)(3) requires the Department of Public Safety to send notice to the offender before suspending his license, and allows the offender to demand a hearing if he desires. Subsection (g)(4) states that the hearing shall be held in municipal or justice court, and "the issues to be determined are whether the person has successfully completed an educational program that was imposed under Section 6c, Article 42.13, Code of Criminal Procedure, 1965, and whether the period for completion of the program has passed." Subsection (g)(4) directs the court very specifically:

If the court determines that the educational program imposed has not been completed and the period for completion

---

1. This Court emphasizes that the opinion in this cause is based, in part, on art. 42.13, § 6c, as it read *prior* to September 1, 1985. On that date, art. 42.13, § 6c, was either amended, *see* 1985 Tex.Sess.Law Serv., Ch. 632, § 15, at 4800, or repealed pursuant to a general recodification of the law of probation and parole. *See* 1985 Tex. Sess.Law Serv., Ch. 427, § 3, at 2958. We express no opinion on the effect the actions of the 69th legislature had on the issue in this appeal.

of the program has passed, the court shall confirm the suspension or prohibition and notify the Department of that fact. *If the court finds that the program imposed has been completed or that the period for completion has not passed, the court shall direct the Department to promptly rescind the order and reinstate in the records of the Department any driver's license, permit, or privilege of the person.*

(Emphasis added). The underlined language imposes a mandatory duty on the court to ensure that a first-time DWI offender's license is not suspended if the offender has successfully completed an alcohol education program or if the time for completing the program has not yet passed. The court is accorded no discretion in performing this statutory duty.

The duty imposed by subsection (g)(4) completely conflicts with the license suspension conditions imposed by the trial court in this appeal. If the trial court's conditions were allowed to stand, and the Department of Public Safety did suspend Love's license as ordered by the trial court, Love would apparently be able, under the emphasized sentence of (g)(4), to compel a court to overturn the license suspension and reinstate his license. This result could not have been intended by the legislature.

Article 6687b, § 24(g), taken as a whole, is a comprehensive and exclusive statutory scheme for treatment of first-time DWI offenders. The trial court's judgment suspending Love's license as a condition of probation is plainly inconsistent with this statutory scheme and cannot stand.

The judgment of conviction is reformed to omit the condition of probation that Love not operate a motor vehicle in Texas for twenty-four months and the condition of probation suspending Love's driver's license for one year. As so reformed, the judgment of conviction is affirmed.

CARROLL, J., not participating.