**Garland Wilson FIELDER, III, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–88–01192.**

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 1990.

Rehearing Denied March 29, 1990.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Lester Blizzard, Mary Lou Keel, Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

OPINION

DUNN, Justice.

This is an appeal from a plea of guilty for the offense of involuntary manslaughter. The State abandoned the first paragraph of the indictment alleging DWI, and appellant, Garland Fielder, pled guilty, without a recommendation, to the offense of involuntary manslaughter. The trial court then sentenced appellant to ten years, probated, with a $1,000 fine.

In appellant's first and second points of error, he contends that the trial court abused its discretion in issuing the terms and conditions of his probation.

The terms and conditions that appellant complains of are as follows:

(n) Instead of sentencing you to the Texas Department of Corrections, you are committed to the community-based facility, Harris County Probation Department's Court Residential Treatment Center beginning November 18, 1988 at 6:00 p.m. You are to remain in that facility under custodial supervision and comply with all the rules, regulations, and contracts of the facility until successfully discharged or until further order of the Court; Center Telephone: 590–1668, Center Location: 1911 Aldine Mail Route, Houston, Texas.

(v) Defendant is committed to the Harris County Adult Probation Department's Court Residential Treatment Center located at 1911 Aldine Mail Route, Houston, Texas,.... for a period of no less than three (3) months and no more than one (1) year, unless otherwise ordered by the court. Defendant is to complete 30 day orientation period either around school schedule or during holiday vacation.

The State contends that appellant waived error, because he pled guilty without a recommendation from the State. A defendant who pleads guilty without a plea bargain may appeal. *Decker v. State*, 570 S.W.2d 948, 950 (Tex.Crim.App.1978). While pleas of guilty and no contest waive all non-jurisdictional defects, *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972) *See also, King v. State*, 687 S.W.2d 762, 766 (Tex.Crim.App.1985), a non-negotiated guilty plea will not necessarily waive defects in proceedings that have not yet occurred. *Polson v. State*, 709 S.W.2d 751, 753 (Tex.App.—Austin 1986, pet. ref'd). The defects of which appellant complains occurred after his plea of guilty, thus, he has not waived error on these issues.

Appellant argues that the terms and conditions imposed by the court are disallowed by statute. The Adult Probation Act provides:

Sec. 6e(a) If a judge places a defendant on probation under any provision of this article as an alternative to imprisonment in the Texas Department of Corrections, the judge may require as a condition of probation, in addition to the conditions imposed under Section 6 of this article, that the defendant serve a term of not less than three months or more than 12 months in a community rehabilitation center if:

(2) the defendant is not sentenced for a felony offense under Title 5, Penal Code; and

(3) the trier of fact determines that the defendant did not cause the bodily injury, serious bodily injury, or death of another as a result of the commission of the offense or use a deadly weapon during the commission of or flight from the offense.

Tex.Code Crim.Pro.Ann. art. 42.12, sec. 6e(a)(2) and (3) (Vernon Supp.1989) (Emphasis added).

The offense of involuntary manslaughter is contained in Title 5 of the Penal Code. Furthermore, appellant caused the death of another as a result of the commission of the offense. The conditions contravene the above quoted statute. Because the terms and conditions imposed are disallowed by art. 42.12, the judgment will be reformed to omit conditions (n) and (v), pursuant to Tex.R.App.P. 80(b).

Appellant's first and second points of error are sustained.

In appellant's third point of error, he argues that the trial court erred by issuing the following terms and conditions of probation:

(u) Defendant is not to drive or operate a motor propelled vehicle, for any reason or under any circumstance, until further order of the 180th District.

(x) Defendant must surrender his driver's license immediately upon arrival at the Center to his probation officer and license is to be forwarded to the clerk of the 180th District Court, immediately upon receipt.

The terms and conditions appellant complains of concern the loss of his driver's license and privilege to operate a motor vehicle while on probation. Tex.Rev.Civ.

Stat.Ann. art. 6687b, section 24(g)(1) (Vernon Supp.1989) controls the exception to the automatic suspension of driver's license and provides:

> Except as provided by Subdivision (2) of this subsection, the Department may not, during the period of probation, suspend the driver's license, permit or nonresident operating privilege of a person if the person is required under Section 6d, Article 42.12, Code of Criminal Procedure, to attend and successfully complete an educational program designed to rehabilitate persons who have driven intoxicated....

Appellant urges that art. 6687b applies to DWI offenses as well as a wide range of offenses involving alcohol. In *Love v. State*, 702 S.W.2d 319, 320–21 (Tex.App.—Austin 1986, no pet.), the court held that a defendant who was convicted of DWI, received probation, and was required to attend alcohol rehabilitation, could not be subject to the conditions of probation, which required suspension of his license and prohibited the defendant from operating his vehicle for two years. The decision in *Love* extended article 6687b to the courts. In this case, appellant did drive while intoxicated; however, he pled guilty to involuntary manslaughter, rather than DWI. Article 6687b applies to first time DWI offenders, not to all alcohol related offenses. *Love*, 702 S.W.2d at 321.

In *Macias v. State*, 649 S.W.2d 150, 152 (Tex.App.—El Paso 1983, no pet.), the court held that the trial court has wide discretion in setting reasonable conditions of probation that relate to the treatment of the accused and the protection of the public. We hold the court did not abuse its discretion in suspending appellant's license and driving privileges, because the conditions imposed were reasonably related to the protection of the public and the treatment of the accused.

Appellant's third point of error is overruled.

The judgment of the trial court is reformed to the extent that the conditions of probation applicable to appellant, set out herein above and designated as "n" and "v," are deleted.