

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0527-18

**JAMES ALLAN BURG, II, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS MONTGOMERY COUNTY

**NEWELL, J., delivered the opinion of the Court in which HERVEY, RICHARDSON, KEEL, WALKER and SLAUGHTER, JJ., joined. KEASLER, J., filed a concurring opinion in which KELLER, P.J., and YEARY JJ., joined**.

Appellant, James Allan Burg, II, was charged with, and convicted of, driving while intoxicated with a BAC of 0.15 or more.[1]   During the sentencing hearing, the trial court ordered that Appellant's driver's license be suspended for one year.  Appellant did not object despite having the

---

[1] TEX. PENAL CODE § 49.04(a), (d) (West 2014).

opportunity to do so. Appellant argued for the first time on appeal that this suspension was not authorized and therefore he could bring his claim as an illegal sentence. So, the question before us is this: Can an appellant complain for the first time on appeal about an unauthorized driver's license suspension if he did not object to the imposition of the suspension in the first place? No. A license suspension is not "punishment" in a case, just as court costs aren't. Therefore, even an unauthorized license suspension cannot be characterized as an "illegal sentence." Under these circumstances we follow ordinary preservation of error requirements. Because Appellant had the opportunity to object and did not do so, he has not preserved his appellate claim for review. We affirm.

## Background Facts

DPS Trooper Matthew Cline stopped Appellant late one night on I-45 for failing to dim his high-beam lights for oncoming traffic. Cline suspected Appellant had been drinking, conducted field sobriety tests, and arrested him for driving while intoxicated. Appellant refused to provide a blood sample. As a result, Cline gave Appellant notice of the

180-day ALR suspension,[2] took physical possession of his driver's license, and issued him a temporary driving permit.[3]

Cline obtained a warrant for Appellant's blood. The BAC test revealed Appellant had an alcohol concentration of 0.212. On this evidence a jury convicted Appellant of driving while intoxicated, a Class A misdemeanor in this case given the proof of an alcohol concentration level of 0.15 or more.[4] The jury assessed punishment at one year confinement in the Montgomery County Jail, but recommended community supervision. The trial court placed Appellant on eighteen months' community supervision, with a license suspension:

| | |
|---|---|
| [STATE]: | Any driver's license suspension? |
| THE COURT: | Yes. We're going have to have a suspension. |
| [DEFENSE]: | Run concurrent with the ALR suspension. |
| THE COURT: | It will, to run concurrent with the ALR suspension. Let's do the driver's license suspension for one year. |

---

[2] This is the administrative driver's license suspension triggered by a person's refusal of a peace officer's request to submit to the taking of a specimen. TEX. TRANSP. CODE § 724.035 (West 2013).

[3] TEX. TRANSP. CODE §§ 724.032–.035 (West 2013).

[4] TEX. PENAL CODE § 49.04(d) (West 2014).

[DEFENSE]:     One year driver's license suspension?

THE COURT:     Yes, sir.

The trial court formally sentenced Appellant, mentioning, and memorializing in the judgment, the one-year jail term suspended for eighteen months, a $1,500 fine, court costs of $402.10, and the one-year driver's license suspension to "run concurrent with the ALR suspension, if any."

The conditions of community supervision include two requirements mandated by Article 42.12 § 13, as it relates to a first-time offender like Appellant, whose BAC was 0.15 or more: participation in a DWI education program and use of an "ignition interlock device" while driving.[5] Unlike the judgment, the conditions do not include the driver's license suspension.

On direct appeal, Appellant acknowledged the general rule that a person convicted of DWI is subject to an automatic driver's license suspension.[6] But, he said, a license suspension cannot be imposed when,

---

[5] TEX. CODE CRIM. PROC. 42.12 § 13 (h), (i) (West 2014). Paragraph 21 orders Appellant to successfully complete, on time, the education program; Paragraph 28 orders Appellant to install an ignition interlock device in his vehicle, and prohibits him from operating any vehicle that is not equipped with a device.

[6] TEX. TRANSP. CODE §§ 521.341(3), 521.344(a) (West 2013).

as here, a first-time DWI offender is placed on community supervision and ordered to complete a DWI education program.[7]  Appellant argued that the trial court was without authority to restrict his operating privileges outside of the mandatory suspension scheme imposed by the Code.

In doing so, he likened his case to that of *Love v. State.*[8]  In that case, the Austin Court of Appeals held that the "comprehensive and exclusive statutory scheme for treatment of first-time DWI offenders" supported the conclusion that a trial court could not suspend the license of a first-time DWI offender placed on probation and ordered to complete a DWI education program.[9]  Thus, argued Appellant, the trial court's judgment suspending his license lacked statutory authority.

Because Appellant relied on *Love*—where the suspension was a condition of probation—the State understood Appellant to be complaining about a condition of probation.  Citing *Speth v. State*, the State argued that Appellant's failure to object to the license-suspension condition at

---

[7] TEX. TRANSP. CODE  § 521.344(d) (West 2013).

[8] 702 S.W.2d 319 (Tex. App.—Austin 1986, no pet.).

[9] *Id*. at 321.

trial meant that he failed to preserve his complaint for review.[10]

Appellant, in a reply brief, argued that the State misunderstood his argument because the license suspension here was part of the sentence rather than a condition of community supervision. "Here, the trial court went outside the range of punishment established by the Legislature in section 521.344 of the Texas Transportation Code."[11] And, the issue of whether the trial court levied an unauthorized sentence is not subject to forfeiture by failing to object in the trial court.[12]

Even so, the court of appeals characterized the issue as whether "the trial court erred by imposing a one-year driver's license suspension as a condition of his community supervision."[13] The court held the complaint was barred on appeal under *Speth* because Appellant had an opportunity to object to the "alleged condition" and did not.[14]

---

[10] *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999).

[11] Appellant's Reply Br. 5.

[12] *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014).

[13] *Burg v. State*, 09-16-00200-CR, 2018 WL 1747393, at *7 (Tex. App.—Beaumont Apr. 11, 2018).

[14] *Id*. Appellant filed a motion for rehearing, again, clarifying that his argument was that the trial court went outside the "legislatively mandated penalties" when suspending his license. "The trial court was not legally authorized to suspend Burg's driver's license, and such an error may be raised for the first time on appeal." Appellant's Mot. for Reh'g 3.

We granted review to settle this preservation issue. The State now agrees with Appellant that the license suspension was not a condition of community supervision, but disagrees that it was part of the sentence. Rather, the State argues, the suspension was a "collateral consequence" of conviction. And the complaint about whether or not it was authorized was forfeited by Appellant's failure to object.

As discussed below, we agree with the State that the trial court's suspension is not a part of the sentence, at least not a part of the sentence that can render a sentence "illegal"—because it is not punishment. Even if we assume that the trial court's imposition of a license suspension was unauthorized, it did not render the sentence "illegal."

## Preservation

Rule 33.1 provides that a contemporaneous objection must be made to preserve error for appeal.[15] Rule 33.1 applies to category-three "forfeitable" *Marin* rights and requirements.[16] It does not apply to category-one "absolute" or category-two "waivable-only" *Marin* rights and requirements—ones that are fundamental to the proper functioning of our

---

[15] TEX. R. APP. PROC. 33.1(a) (West 2014).

[16] *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993).

adjudicatory system.[17]  But not all rights and requirements fit neatly into one of *Marin*'s three categories.[18]  If what looks at first glance to be a forfeitable right or requirement cannot actually be affirmatively insisted upon by a party,[19] or acted on by a trial court,[20] that right or requirement cannot logically be subject to the general rule.

We have already held in *Mizell v. State* that the right to be sentenced legally is an absolute or waivable-only right.[21]  The contemporaneous-objection requirement does not bar review of a claim that a sentence that is illegal due to the fact that it is outside the maximum or minimum range of punishment.[22]  So we must determine whether the license suspension provision in this case qualifies as an illegal sentence.

---

[17] *Grado v. State*, 445 S.W.3d 736, 738–39 (Tex. Crim. App. 2014).

[18] *See, e.g., Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2018) (holding that no objection was necessary to preserve error without deciding whether right at issue fell within *Marin*'s first or second category of rights); *id.* at 805 (Newell, J., concurring).

[19] *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

[20] *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (deciding preservation issue without regard to any *Marin* classification).

[21] *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

[22] *Id.* at 806–07.

## Application

As the parties recognize, the inquiry about whether the contemporaneous-objection requirement applies should start with determining the nature of the right at issue. To Appellant, it is the right to be sentenced legally—an absolute or waivable-only right.[23] To the State, it is the right to be free of an unauthorized collateral consequence of a criminal conviction—a forfeitable right. The State likens the suspension to restitution and argues that, "If Rule 33.1 applies to an erroneous restitution order, it should also apply to an erroneous license suspension order."[24]

The right at stake here does not fit neatly into one of *Marin*'s three categories, particularly because there does not appear to be any "right" at issue. Appellant does not have any right to be free from a license suspension given that the act of driving is a privilege not a right.[25] In

---

[23] *Id.* at 806.

[24] State's Br. 13. (citing *Idowu v. State*, 73 S.W.3d 918, 921–22 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly.")).

[25] *Schwantz v. Tex. Dept. of Public Safety*, 415 S.W.2d 12, 15 (Tex. 1967).

that regard, Appellant's claim in this case is similar to a claim regarding improper court costs where preservation of error turns simply on whether there was any opportunity to object.[26]  Further, license suspensions upon conviction are not a "punishment" that is required in a judgment as part of a sentence.  An unauthorized suspension falls outside of what can be considered an "illegal sentence."

Texas Penal Code Section 12.01 addresses punishment generally and provides that a person "adjudged guilty of an offense under the code shall be punished in accordance with this chapter and the Code of Criminal Procedure."[27]  Appellant here was convicted of a Class A misdemeanor.  Section 12.21 provides that an "individual adjudged guilty of a Class A misdemeanor shall be punished by: (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement."[28]  And of course such a jail term may be probated.[29]  Appellant's one-year jail term suspended for eighteen months and $1500 fine is punishment "in accordance" with

---

[26] *Johnson*, 423 S.W.3d at 390.

[27] TEX. PENAL CODE § 12.01(a) (West 2014).

[28] TEX. PENAL CODE § 12.21 (West 2014).

[29] *See* TEX. CODE CRIM. PRO. art. 42.12 (West 2014).

Chapter 12 and the Code of Criminal Procedure.

But Section 12.01 also provides that the punishment provisions of the Penal Code do "not deprive a court of authority conferred by law . . . to suspend . . . a license or permit . . . or impose any other civil penalty. The civil penalty may be included in the sentence."[30] Appellant's argument is that the license suspension here was "included in the sentence." Therefore, according to Appellant, the contemporaneous-objection requirement doesn't bar review of his complaint that it is outside the range of punishment for the crime of conviction.[31]

A "sentence" is defined in the Texas Code of Criminal Procedure as "that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law."[32] The most current version of Article 42.01 lists twenty-nine things that "shall" be reflected and another eleven that "should" be reflected in the judgment.

---

[30] TEX. PENAL CODE §12.01(c) (West 2014).

[31] *Mizell*, 119 S.W.3d at 806–07.

[32] TEX. CODE CRIM. PROC. § 42.02 (West 2014); *Ex parte Pue*, 552 S.W.3d 226, 238 (Tex. Crim. App. 2018) ("*Mizell* simply held that a sentence that is outside the range of punishment is illegal and may be challenged for the first time on appeal or habeas.").

Nowhere does Article 42.01 list license suspensions as something that must be reflected in the judgment.

For purposes of our "illegal sentence" jurisprudence we have said that a sentence "consists of the facts of the punishment itself, including the date of commencement of the sentence, its duration, and the concurrent or cumulative nature of the term of confinement and the amount of the fine, if any."[33]  As we explained in *State v. Ross*:

> The plain language [of Article 42.02] . . . indicates that a sentence is nothing more than the portion of the judgment setting out the terms of punishment. For example, the sentence in this case would include the facts that appellant is to serve sixteen years in the penitentiary beginning July 28, 1995, that his term is concurrent and that he must pay a $500 fine. It would not incorporate, as the State would have it, those aspects of the judgment merely affecting those facts.[34]

This has been fleshed out in our illegal sentence cases.  These things are clearly "in" the closed curve of things that can make a "sentence" legal

---

[33] *State v. Kersh*, 127 S.W.3d 775, 777 (Tex. Crim. App. 2004).  *See also* Black's Law Dictionary (6th Abr. ed. 1983) ("The judgment . . . imposing the punishment to be inflicted, usually in the form of a fine, incarceration, or probation.").

[34] *State v. Ross*, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997).

or illegal: a term of years;[35] a fine;[36] the fact of shock or regular probation;[37] and enhancements.[38]  These things are "out": restitution;[39] an Article 37.07 election for the jury to assess punishment;[40] deadly-weapon findings;[41] the terms of community supervision (including restitution when it is a condition of probation);[42] court costs;[43] sex-offender registration;[44] and forfeiture of contraband.[45]

---

[35] *Id.  See, e.g.,* TEX. PENAL CODE §§ 12.21–12.35 (setting out misdemeanor and felony "punishment").

[36] *Id*.; *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009).

[37] *State v. Dunbar*, 297 S.W.3d 777, 781 (Tex. Crim. App. 2009); *Smith v. State*, 789 S.W.3d 590, 592 (Tex. Crim. App. 1990).

[38] *Donaldson v. State*, 476 S.W.3d 433, 439–40 (Tex. Crim. App. 2015); *State v. Kersh*, 127 S.W.3d 775, 777 (Tex. Crim. App. 2004).

[39] *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *Idowu,* 73 S.W.3d at 921–22.

[40] *State v. Baize*, 981 S.W.2d 204, 206 (Tex. Crim. App. 1998).

[41] *Ross*, 953 S.W.2d at 751.

[42] *Speth*, 6 S.W.3d at 532; *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 24 (Tex. Crim. App. 2014).

[43] *Weir*, 278 S.W.3d at 365.

[44] *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004).

[45] *Fant v. State*, 931 S.W.2d 299, 313–14 (Tex. Crim. App. 1996)*.  But see Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019) (Eighth Amendment's Excessive Fines Clause is an incorporated protection applicable to the States under the Fourteenth Amendment's Due Process Clause).

But what about Texas Penal Code Section 12.01(c), saying a suspension can be "included in the sentence"? The things listed in 12.01(c) are by definition "civil penalties." And civil penalties are not punishment unless they've been historically regarded as punishment or they promote the traditional aims of punishment such as retribution and deterrence.[46] License suspensions have not been so regarded.

In *Davison v. State*, we held that counsel could not allude to the automatic suspension of the accused's driver's license as a consequence of conviction because that consequence was not part of the "punishment" affixed to such offense.[47] Suspensions, we agreed, "are not intended as punishment but are designed solely for the protection of the public in the use of the highways."[48] At that time, the code described punishment as

---

[46] *See Hudson v. United States*, 522 U.S. 93, 99–100 (1997) (holding that if the legislature has indicated an intention to create a civil penalty, a court analyzing a double jeopardy claim must determine whether the statutory scheme is nevertheless so punitive in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal punishment; emphasizing that "only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty); *Ex parte Sheridan*, 974 S.W.2d 129, 134 (Tex. App.—San Antonio 1998, pet. ref'd) (concluding that Sheridan had not shown by the "clearest proof" that the cancellation of his alcoholic beverage license by the TABC was a criminal punishment).

[47] 313 S.W.2d 883, 886 (Tex. Crim. App. 1958) (op. on reh'g).

[48] *Id*.

including "forfeiture of civil or political rights." Because the Texas Supreme Court, in *Gillaspie v. Department of Public Safety*, had already said that driving is a privilege and not a right, we noted that the forfeiture of a license is the forfeiture of a privilege, rather than forfeiture of a right.[49] As such, it was not considered punishment.[50]

Nor is it punishment now.[51] The legislature has indicated an intention to create a civil penalty, and this is not the kind of civil penalty that is so punitive in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal punishment.[52] As the United States Supreme Court has noted, "Remedial sanctions may be of varying types. One which is characteristically free of the punitive criminal

---

[49] *Id*. (citing *Gillaspie v. Dep't of Pub. Safety*, 259 S.W.2d 177, 182 (Tex. 1953) ("Suspension of driver's license or registration is not the taking of property. It deprives the operator or owner for a limited time and on reasonable conditions of the privilege of driving or operating the motor vehicle on the public highways.")).

[50] *Davison*, 313 S.W.2d at 887.

[51] *Grant v. State*, 989 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (automatic suspension of a driver's license under Transportation Code Section 521.372, upon conviction for a drug offense, was not part of the "punishment" for the drug offense of which the defendant must be admonished in advance of his guilty plea).

[52] *Hudson*, 522 U.S. at 104 (sanctions of monetary penalties and occupational debarment of petitioners were intended by congress to be civil sanctions, and they were not "so punitive in form and effect as to render them criminal despite Congress' intent to the contrary").

element is revocation of a privilege voluntarily granted."[53]

The bottom line is that a license suspension is not considered punishment because it is not incarceration, probation, a fine, or an enhancement, regardless of whether it is included in the so-called sentence. So a complaint about it is not really a complaint about an "illegal sentence."  Since Appellant's complaint cannot be characterized as a complaint about an illegal sentence, it does not fall under the *Mizell* jurisprudence excepting "illegal sentence" claims from Rule 33.1.

## Conclusion

Rule 33.1 requires a contemporaneous objection to preserve error for appeal.  Because Appellant had the opportunity to raise an objection to the trial court's order suspending his license, and did not take it, he did not preserve this issue for appeal.  Further, Appellant cannot rely upon our "illegal sentence" jurisprudence to raise his claim for the first time on appeal because the license suspension was not part of the sentence.  We affirm the court of appeals.

DELIVERED: January 29, 2020

PUBLISHED

---

[53] *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938).